RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 3 1 2022

KEVIN P. WEIMER, Clerk
BY: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLY BLAIN, | Civil Action No. |
| Plaintiff, | **1 :22 -CV- 2154** |
| v. | JURY TRIAL DEMANDED |
| EMORY UNIVERSITY-HOSPITAL, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Willy Blain ("Plaintiff" or "Mr. Blain"), and

files this Complaint for Damages, and shows the Court as follows:

- ### NATURE OF COMPLAINT

- 

Plaintiff brings this action for damages, liquidated damages, and

reasonable attorney fees for Defendant's violation of his rights under Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title

VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section

1981").

1

- **ADMINISTRATIVE PROCEDURES**

•

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed his Charge of Discrimination against Emory University Hospital. The EEOC issued its Notice of Right to Sue on March 3, 2022.

•

On October 28, 2021, Defendant Emory University Hospital, ("Defendant") submitted its position statement to the EEOC.

•

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

- **JURISDICTION AND VENUE**

•

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b).

•

The unlawful employment practices alleged in this Complaint were

2

committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

- **PARTIES**

•

Plaintiff is an African American male.

•

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

•

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

•

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Amy Adelman, at 201 Dowman Drive, 312 Administration Bldg., Atlanta, GA 30322.

•

Defendant is now and, at all times relevant hereto, has been a non-

3

profit corporation.

•

During all times relevant hereto, Defendant has employed one hundred (100) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

## • **FACTUAL ALLEGATIONS**

•

Mr. Blain began working for Defendant in 1996, as an Anesthesiologist Tech.

•

Mr. Blain was later promoted in 2019 to Director of Anesthesiologist Services.

•

Mr. Blain worked with the company for over twenty (20) years without any character or performance issues while with the company but was known as an employee advocate for equal opportunity in the workplace.

4

•

In or around April 3, 2020, Mr. Blain was subjected to a hostile work environment.

•

Mr. Blain emailed company HR Director, (Sharron Barrett) concerning latest complaint of racist issues he was having with (white) Specialty Director Lou Bottoms, his supervisor:

a. Lou Bottoms, trying to involve Mr. Blain (new black director) in her ongoing kickback scheme.

b. Lou Bottoms, not allowing Mr. Blain to rehire the qualified (black) employees who recently had resigned or was terminated due to her systemic racists' leadership practices. Employees: (Earnestine Cooper, Jameila Mosley, Jeffery Phillips, and Larry Richardson.)

c. Why, Lou Bottoms did not afford to Mr. Blain equal opportunity to the full Emory Leadership Training Program as she afforded to co-white Directors, Kimberly Swanson and others?

d. Why, Lou Bottoms was not allowing Mr. Blain to govern the department as she did with other new white directors?

e. Why, Lou Bottoms was still leading the Preoperative Department if

5

no culture changes were made?

•

When Plaintiff voiced his concerns, he started being targeted.

•

Plaintiff complained to HR, but his complaints were ignored.

•

The Plaintiff needed his job so he decided that he would continue working for the company.

•

Plaintiff was accused of sexual harassment, by one of Louise Bottoms direct reports.

•

A meeting was called with the Plaintiff, Louise Bottoms and HR regarding the sexual harassment.

•

When HR advised what the allegation entailed, Plaintiff explained what took place and further advised that Plaintiff's supervisor was in the

6

meeting prior to the sexual harassment accusation.

•

After the meeting, Plaintiff never heard about the matter again.

•

Plaintiff's complaint to HR about the hostile work environment as well as racial discrimination were completely ignored.

•

Instead of HR investigating the matter, Mr. Blain was terminated on or about September 18, 2020.

•

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

•

Others outside of the Mr. Blain's protected class were treated differently.

•

Mr. Blain worked for Defendant for over 20 years and had no termination issues until he advised HR Director, (Sharron Barrett) and his supervisor

7

Louise Bottoms that he did not feel comfortable ordering supplies from her husband's company and all of the other racial issues.

•

Defendants knew that Ms. Bottoms was racist and was discriminating against the Plaintiff but did nothing.

31.

Defendant had other complaints and lawsuits surrounding Ms.

Bottom but did nothing.

## • **CLAIMS FOR RELIEF**
## **COUNT I & COUNT II:**
## **RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII**

•

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

•

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

8

•

Defendant violated Plaintiff's rights under Title VII by subjecting him to a hostile environment because of his race, which materially affected the terms and conditions of Plaintiff's employment.

•

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's gender, in violation of Title VII.

•

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected race class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

•

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities

•

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

9

•

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

•

Defendant is liable for the damages caused by its discrimination against Plaintiff.

•

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

•

Plaintiff is a member of a protected class, i.e., he is an African-American and black in color.

•

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of race.

•

10

Defendant violated Plaintiff's rights under Title VII by subjecting him to a hostile environment because of her race, which materially affected the terms and conditions of Plaintiff's employment.

•

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

•

Plaintiff engaged in protected conduct when he complained about race-based discrimination and harassment.

•

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

•

There was a causal connection between the protected conduct and the adverse action.

•

Plaintiff's complaints of and opposition to discriminatory conduct

11

constitute protected activity under Title VII.

•

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

•

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

•

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

•

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III & COUNT IV
## RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF
## 42 U.S.C. § 1981

12

•

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

•

Plaintiff is an African-American and black in color.

•

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

•

Plaintiff performed his contractual obligations.

•

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

•

13

42 U.S.C. § 1981 prohibits Defendant from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of his employment with Defendant.

•

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

•

Plaintiff is a member of a protected class.

•

Plaintiff was subjected to severe and pervasive racial harassment because of his race.

62.

The racial harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and created a discriminatorily abusive working environment.

63.

Defendant is liable for the racial harassment of Plaintiff under a theory of vicarious or direct liability.

64.

Defendant willfully and wantonly disregarded Plaintiff's rights, and

14

Defendant's discrimination against Plaintiff was undertaken in bad faith.

65.

As a direct and proximate result of Defendant's violations of 42 U.S.C. § 1981, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

66.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

67.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages.

68.

Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race and color in violation of 42 U.S.C. § 1981.

69.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

70.

Plaintiff is African-American and black in color.

71.

Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

72.

Plaintiff performed his contractual obligations.

73.

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981.

74.

Plaintiff is a member of a protected class.

75.

Plaintiff's complaints and opposition to discriminatory conduct constitute protected activity under 42 U.S.C. § 1981.

76.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

16

77.

There was a causal connection between the protected conduct and the adverse action of termination.

78.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

79.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

80.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff judgment as follows:

- General damages for mental and emotional suffering caused by Defendant's misconduct;

- Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

17

- Special damages and/or liquidated damages for lost wages and
     benefits and prejudgment interest thereon;

- Reasonable attorney's fees and expenses of litigation;

- Trial by jury as to all issues;

- Prejudgment interest at the rate allowed by law;

- Declaratory relief to the effect that Defendant EMORY
     UNIVERSITY HOSPITAL, has violated Plaintiff's
     statutory rights;

- Injunctive relief of reinstatement, or front pay in lieu thereof, and
     prohibiting Defendant EMORY UNIVERSITY
     HOSPITAL, from further unlawful conduct of the type
     described herein; and

- All other relief to which he may be entitled.

Respectfully submitted the _____ day of _____, 2022.

Respectfully submitted,

18

<u>Willy Blain</u>
<u>4183 Nance Rd</u>
<u>Kennesaw, GA 30144</u>

<u>(404) 698-8977</u>
<u>wjrblain@gmail.com</u>

Plaintiff, Pro Se