IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLY BLAIN,<br><br>    Plaintiff,<br><br>v.<br><br>EMORY HEALTHCARE, INC.,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:22-cv-02154-JPB-LTW |

## **ORDER**

Pending before the Court is Plaintiff Willy Blain's Motion [Doc. 32] for Leave to File Amended Complaint. Plaintiff's Motion [Doc. 32] is brought pursuant to Federal Rule of Civil Procedure 15. Defendant Emory Healthcare, Inc. ("Emory") has filed a Response [Doc. 35] in opposition to Plaintiff's motion.

## I.   PROCEDURAL HISTORY

On May 31, 2022, *pro se* Plaintiff Blain filed the present employment discrimination action against Defendant. [Doc. 1]. The Complaint asserts claims for race discrimination and retaliation based on of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. [Doc. 3]. Defendant Emory filed its Answer on July 21, 2022, and the discovery deadline was set for December 19, 2022. [Doc. 7]. The parties' joint preliminary report and

discovery plan [Doc. 11] was filed on August 22, 2022, and the scheduling order [Doc. 13] was issued on August 26, 2022. The scheduling order established that the deadline for filing amendments to the pleadings was September 21, 2022, that is, thirty days after the joint preliminary report and discovery plan was filed. [Doc. 11; Doc. 13]. Plaintiff's counsel filed her notice of appearance in this case on October 13, 2022. [Doc. 15]. On October 26, 2022, the Court extended the period of discovery until March 20, 2023. [Doc. 20].

Plaintiff filed the present Motion [Doc. 32] for Leave to File Amended Complaint on March 7, 2023. Defendant filed a Response [Doc. 35] in opposition thereto on March 21, 2023. On March 10, 2023, the period of discovery and all deadlines in the case were stayed until the Court issued an order on Plaintiff's Motion to Amend. [Doc. 34].

## II.   DISCUSSION

Plaintiff argues that his Motion for Leave to File an Amended Complaint should be granted pursuant to Rule 15. [Doc. 32 at 3-5]. Rule 15(a) provides, in pertinent part, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. (2) . . . In all other cases, a party may amend its pleading only with the opposing party's written

2

consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1), (2). Plaintiff has already amended his Complaint [Docs. 21, 22] and the present Motion to Amend was filed more than seven months after Defendant filed its Answer [Doc.7]. Moreover, Defendant has not consented to the proposed amendment. Therefore, the Court's leave is necessary for Plaintiff to file an amended complaint.

The Eleventh Circuit "has held that, consistent with Rule 15(a)'s mandate that 'leave shall be freely given when justice so requires,' district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint." Williams v. Bd. of Regents of Univ. System of Georgia, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (quoting Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992)). "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co., 470 F.3d 1036, 1041 (11th Cir. 2006) (quoting Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (internal quotation marks and alteration omitted)). Nevertheless, "Leave may be denied because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"

Andrx Pharm., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1236 (11th Cir. 2005) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

As noted, the scheduling order established that the deadline for filing amendments to the pleadings was September 21, 2022. [Doc. 11; Doc. 13]. Plaintiff's Motion for Leave to Amend the Complaint was filed on March 7, 2023, more than five months after the deadline passed and more than four months after Plaintiff's counsel filed her notice of appearance. [Doc. 15; Doc. 32]. Rule 16(b) provides, in pertinent part:

> [T]he district judge–or a magistrate judge when authorized by local rule– must issue a scheduling order. . . . The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. . . . A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b). When a motion seeking to amend the complaint is filed, and this is done after the scheduling order's deadline as in the present case, the Eleventh Circuit has applied the "good cause" standard of Rule 16 to determine whether to allow the amendment. See Southern Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009) (citing Sosa v. Airprint Systems, Inc., 133 F.3d 1417 (11th Cir. 1998)).

In Sosa, the Eleventh Circuit held that because the motion "was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)." Id., 133 F.3d

at 1419; accord Southern Grouts & Mortars, 575 F.3d at 1241. The Eleventh Circuit explained, "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa, 133 F.3d at 1419. In order to establish good cause under Rule 16(b), Plaintiff must demonstrate that he acted diligently to meet the scheduling order deadlines. See Romero v. Drummond Co., Inc., 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."); Datastrip Int'l Ltd. v. Intacta Techs., Inc., 253 F. Supp. 2d 1308, 1317 (N.D. Ga. 2003) ("The good cause standard 'precludes modification unless the schedule cannot be met despite the diligence of the party seeking extension.'") (quoting Sosa, 133 F.3d at 1418); Moyer v. Walt Disney World Co., 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) ("No diligence, no good cause, no leave to amend.").

The scheduling order in this case established that the deadline for filing amendments to the pleadings was September 21, 2022. [Doc. 11; Doc. 13]. However, Plaintiff waited to file the present Motion to Amend until March 7, 2023. [Doc. 32]. There is no evidence, or even an allegation from Plaintiff, that he acted diligently when he waited more than five months to file the present Motion to Amend. Plaintiff, therefore, has failed to carry his burden of showing good cause. On this basis, the

undersigned finds that the scheduling order should not be modified under Rule 16(b) and that Plaintiff's Motion [Doc. 32] to Amend must be denied.

## III. CONCLUSION

Plaintiff's Motion [Doc. 32] for Leave to File Amended Complaint is **DENIED**. On March 10, 2023, the Court granted the parties' Joint Motion to Stay, and the period of discovery and all deadlines were stayed. [Docs. 33, 34]. The Court **ORDERS** that the stay is lifted, and **the discovery period in this action is extended through and including June 30, 2023**. Any motions for summary judgment must be filed by July 31, 2023, and if no motions for summary judgment are filed, the Proposed Consolidated Pretrial Order will be due on August 4, 2023. If a motion for summary judgment is filed, the Consolidated Pretrial Order will be due thirty days after the District Court's final ruling on the motion for summary judgment, if there are matters left to be tried.

**SO ORDERED**, this __13__ day of April, 2023.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE